540 P.2d 716

**Ira SMITH, Petitioner,**

v.

**The Honorable Jack T. ARNOLD, Judge of the Superior Court In and For the County of Pima, State of Arizona, Respondent, and**

**STATE of Arizona, Real Party in Interest.**

**No. 2 CA–CIV 1976.**

Court of Appeals of Arizona, Division 2.

Sept. 30, 1975.

John M. Neis, Pima County Public Defender by James E. Sherman, Asst. Public Defender, Tucson, for petitioner.

Dennis DeConcini, Pima County Atty. by Geoffrey Cheadle, Jr., Deputy County Atty., Tucson, for respondent and real party in interest.

## OPINION

HOWARD, Chief Judge.

On May 19, 1975, petitioner, serving a sentence for armed robbery, was transferred from the custody of the Arizona State Prison to that of David J. Brock, executive director of the Alcohol Council of Southern Arizona for the reason that he was to participate in an alcohol seminar at the University of Arizona. Petitioner left the alcohol seminar and was not seen again until his arrest in Tucson on June 17. He was subsequently indicted by the Pima County Grand Jury on a charge of escape from custody under A.R.S. Sec. 13–395. His motion to dismiss the indictment was denied on July 28.

Petitioner claims that as a matter of law he cannot be guilty of violating the statute. A.R.S. Sec. 13–395 states:

"Escape or attempt to escape from custody while being conveyed or while at place outside or away from prison; punishment; commencement of term of Imprisonment

Every prisoner committed to the state prison who escapes or attempts to escape while being conveyed to or from such prison or any prison road camp, prison forestry camp, or other prison camp or prison farm or any other place while under the custody of prison officials, officers or employees, or while under the custody of any law enforcement officer, or who escapes or attempts to escape from any prison road camp, prison forestry camp, or other prison camp or prison farm or other place while under the custody of prison officials, officers or employees, or who escapes or attempts to escape while at work outside or away from prison under custody of prison officials, officers, or employees, or while under the custody of any law enforcement officer is guilty of a felony . . . .''

Petitioner did not escape from the custody of any person described in the statute. He left the custody of Mr. Brock who is not a law enforcement official. It is the position of the state that petitioner was technically in the custody of prison officials at the time of his departure since he was then serving a prison sentence. In addition, the state claims that Mr. Brock was an agent of prison officials when he accepted supervision over petitioner.

This court has dealt previously with this statute in *State v. Morris,* 7 Ariz.App. 326, 439 P.2d 298 (1968). Although that case involved an interpretation of A.R.S. Sec. 13–392, the predecessor of A.R.S. Sec. 13–395, the language is helpful. We stated therein that the enactment of A.R.S. Sec. 13–395 impliedly amended A.R.S. Sec. 13–392 so that the two statutes taken together covered escapes from within and without the prison confines. However, we stated:

"In the future, escapes from custody will be properly charged as violations of § 13–395 if they were in the locations enumerated therein." 7 Ariz.App. at 329, 439 P.2d at 301.

**592**

We also noted with approval *Ex parte Rody,* 348 Mo. 1, 152 S.W.2d 657 (1941), holding that a prisoner is "coonstructively" confined to a prison while outside under guard. In the instant case, petitioner did not escape from within the prison walls, nor from any of the enumerated areas outside the walls, nor was he "constructively" confined to the prison since he was not under guard within the meaning of *Rody.*

The state's argument that Mr. Brock was acting as the agent of prison officials is of no consequence, for even if he were, the statute would only pertain to him if he were a prison official, officer, employee or any other law enforcement officer. He is not, and A.R.S. Sec. 13–395 is not applicable to this situation.

Petitioner cannot be guilty of violating A.R.S. Sec. 13–395 as a matter of law. The respondent court erred in denying his motion to dismiss.

This opinion shall constitute a mandate to the respondent court to dismiss the subject indictment.

HATHAWAY, J., concurs.

NOTE: Pursuant to stipulation in open court by counsel, this cause was submitted to and decided by two judges.